**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **OLEG NOMEROVSKYI,**<br>**Petitioner,**<br>**v.**<br>**HELEN GRIMES, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–12945–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Oleg Nomerovskyi's second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Second Petition). (ECF No. 1.) Respondents oppose the Petition. (ECF No. 4.)

1. Petitioner is a citizen of Ukraine. (ECF No. 1 ¶ 20.) He entered the United States pursuant to the Uniting for Ukraine program on May 5, 2023. (ECF No. 1–4 p. 2.) His admission was valid until May 3, 2025. (*Id.*)

2. The Department of Homeland Security (Department) detained petitioner on or about June 10, 2025. (ECF No. 1 ¶¶ 22, 24.) He is presently detained in Delaney Hall Detention Facility (Delaney Hall). (*Id.* ¶ 24.)

3. Petitioner filed his first habeas corpus petition on April 9, 2026. *Nomerovskyi v. Soto*, No. 26–cv–03727 (D.N.J. filed Apr. 9, 2026) (First Petition).[1]

4. Petitioner admitted that he was detained pursuant to 8 U.S.C. §1225(b)(1) but argued that his detention had become unreasonably prolonged. (First Petition, ECF No. 1 ¶ 2.)

5. I granted the First Petition on April 16, 2026 and ordered respondents to provide petitioner with an individualized bond hearing before an immigration judge at which they would have the burden of establishing by clear and convincing evidence that petitioner's continued detention was necessary because he posed a flight risk or danger to the community. (First Petition, ECF No. 7 p. 4.)

[1] I take judicial notice of the filings in the First Petition.

6. On April 21, 2026, an immigration judge issued an order denying petitioner's bond request. (First Petition, ECF No. 8–1 pp. 2, 3.)

7. On August 25, 2026, petitioner filed a motion to enforce the order, asserting that the immigration judge had failed to apply the correct standard of review. (First Petition, ECF No. 15.)

8. On August 28, 2026, the Third Circuit issued a precedential opinion interpreting 8 U.S.C. § 1225(b)(2)(A).[2] *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287 (3d Cir. 2026). The court held that noncitizens must be "engag[ing] in an ongoing affirmative act" in order to be considered to be "seeking admission" within the meaning of § 1225(b)(2)(A). *Id.* at 296.

9. On September 21, 2026, I granted petitioner's motion to enforce and ordered respondents to provide petitioner with a new bond hearing before a different immigration judge. (First Petition, ECF No. 19.)

10. Petitioner's new hearing took place on September 24, 2026. (First Petition, ECF No. 20 pp. 2, 3.) The immigration judge denied bond. (*Id.*)

11. The Second Petition was filed on October 2, 2026. (ECF No. 1.)

12. Petitioner now argues that §1225(b)(1) does not apply to his detention after *Buele Morocho* and that he should be considered to be detained pursuant to 8 U.S.C. § 1226. (ECF No. 1 ¶ 3.)

13. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

14. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

15. In making his argument, petitioner relies on *Buele Morocho*'s pronouncement that "§ 1225(b) governs noncitizens arriving to the United

[2] "[I]n the case of [a noncitizen] who is an applicant for admission, if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen]shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A).

States whereas §1226 governs those already within our borders." *Buele Morocho*, 189 F.4th at 299.

16. "When [p]etitioner was detained in June 2025, he was not arriving at the border, seeking admission, or otherwise presenting himself for entry into the United States. Rather, he was already present within the United States after being paroled." (ECF No. 1 ¶ 3.)

17. *Buele Morocho* is inapplicable to petitioner's detention. Petitioner is detained pursuant to §1225(b)(1); *Buele Morocho* analyzed §1225(b)(2).

18. The Uniting for Ukraine program was a form of humanitarian parole authorized by 8 U.S.C. §1182(d)(5)(A). *Implementation of the Uniting for Ukraine Parole Process*, 87 Fed. Reg. 25040–01 (Apr. 27, 2022).

19. "[P]arole of such [noncitizen] shall not be regarded as an admission of the [noncitizen] and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the [noncitizen] shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. §1182(d)(5)(A).

20. Noncitizens "who are paroled are thus subject to the 'entry fiction' in which they are legally considered as if they remained at the border throughout and after their parole until removal or credible fear proceedings conclude." *Faqirzada v. Rokosky*, No. 25–cv–16639, 2026 WL 63614, at *2 (D.N.J. Jan. 8, 2026). In other words, "[p]etitioner is treated legally as if he remained at the border for the duration of that parole. Petitioner thus remained subject to both the removal procedures, and accompanying mandatory detention, which applies to [noncitizens] detained under §1225(b)(1)." *Id.* (internal citation omitted).

21. In the First Petition, I agreed that petitioner's mandatory detention had become unreasonably prolonged and ordered respondents to justify his continued detention by clear and convincing evidence. (First Petition, ECF No. 7 p. 4.)

22. Petitioner's most recent hearing took place on September 24, 2026, (First Petition, ECF No. 20 pp. 2, 3), and there has been no allegation that the hearing did not comply with my order.

23. Petitioner's relatively brief detention since that date without a bond hearing does not violate his due process rights.

Accordingly,

**IT IS** on this **4th** day of **November 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DENIED**.

2. Any restrictions imposed on petitioner' s location by this Court are **LIFTED**.

3. The Clerk shall **CLOSE** this matter.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**